**STATE ex INSLEY v BOARD OF EDUCATION OF STOKES TOWNSHIP et**

Ohio Appeals, 3rd Dist, Logan Co

No 825. Decided Dec 8, 1932

Roy Warren Roof, Kenton, for plaintiff.
George S. Middleton, Bellefontaine, for defendants.

**CROUSE, Estate of, In Re**

Ohio Appeals, 7th Dist, Columbiana Co

Decided Dec 8, 1932

KLINGER, J.

The relator contends that the school board has no authority and power to hear, try and determine the charges preferred against him, because, as he contends, they are interested, biased and prejudiced against relator.

The school board, in this case, are attempting to proceed as provided in §7701, GC. Relator contends that §7701, GC, as well as §7708, GC, are unconstitutional.

If, as claimed by relator, the whole of §7701, GC, be unconstitutional, which point is unnecessary to decide here, there would, at common law, inhere in a board of education, the power to dismiss a teacher, for lawful cause, without the right of such teacher to be heard in the matter at all and a threatened dismissal for such cause, could not be prevented by a court.

Sec 7708, GC, provides a remedy, whether exclusive or not, for dismissal for an unlawful cause, and the remedy for such dismissal must in any event, lie in an action at law, for damages, or in quo warranto as was the case in 117 Oh St, 1, in which latter case the question was neither expressly raised nor decided, whether the action was a proper remedy.

But if §7708, GC, be unconstitutional, the situation would be as it was when there was no such statute, and relator would have no remedy at law. 26 Oh St, 121. See also 92 Oh St 55.

The action of the board of education contemplated in this suit, is not in any sense a judicial act or even a quasi judicial act, but is only administrative and their action is final and cannot be prevented by a court in a proceeding in prohibition. 44 Oh St 98. See also 93 Oh St 264; 114 Oh St 702-705.

For these reasons, the relief prayed for by plaintiff will be denied.

CROW, PJ, and KINDER, J, concur.